MEMORANDUM **
Hillary Walls appeals pro se from the district court’s summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that defendants violated his procedural due process rights by failing to return property taken pursuant to several search warrants. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a summary judgment. Aguilera v. Baca, 510 F.3d 1161, 1167 (9th Cir.2007). We affirm.
The district court properly entered summary judgment because Walls filed his complaint more than three years after his claims accrued. See Wilson v. Garcia, 471 U.S. 261, 279-80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (holding that the limitations period for section 1983 claims is determined by the state statute of limitations for personal injury actions); Wash. Rev.Code § 4.16.080(2) (setting at three years the statute of limitations for personal injury actions and actions for taking, detaining, or injuring personal property).
Although Washington law provides that the statute of limitations is tolled when a person is “imprisoned on a criminal charge prior to sentencing,” Wash. Rev.Code § 4.16.190(1), Walls failed to offer any evidence that this provision rendered his claims timely in this case. See Rivas v. Overlake Hosp. Med. Ctr., 164 Wash.2d 261, 189 P.3d 753, 755-56 (2008) (en banc) (holding that plaintiff bears the burden of establishing tolling under § 4.16.190).
Walls’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.